UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAYNOR ORLANDO FERRERA
MOLINA,

       *Petitioner*,

v.                                                                    Case No. 3:26-cv-1319-JEP-PDB

SCOTTY RHODEN, et al.,

       *Respondents*.

_____/

## **ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to release him or alternatively, to provide him with a bond hearing under 8 U.S.C. § 1226(a). (*See* Doc. 1 at 47-49).[1] Petitioner alleges

---

[1] At the time Petitioner filed this case, he was housed at Baker Correctional Institute in Sanderson, Florida. (Doc. 1 at 13). Petitioner's counsel represents that Petitioner is now housed at Winn Correctional Center in Louisiana. (Doc. 5 at 2). Because Petitioner was detained within the Middle District of Florida when he filed this case, this Court retains jurisdiction despite his transfer. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *see, e.g.*, *Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical

that he is a citizen of Honduras who entered the United States without inspection in 1995. (*Id.* at 12-13). ICE detained him on April 1, 2026. (Doc. 1-2 at 14; *see* Doc. 1 at 15). He contends, among other things, that his mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act ("INA"). (*See* Doc. 1 at 34-47). At the heart of this case is Petitioner's contention that his detention is governed by 8 U.S.C. § 1226(a)— not § 1225(b)(2)(A). (*See generally* Docs. 1, 5).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens

---

custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided.").

unlawfully in the interior." *Hernandez Alvarez v. Warden*, 175 F.4th 1258, 1276 (11th Cir. 2026).[2] The Federal Respondents concede that this Court is bound by the Eleventh Circuit's decision in this case. (Doc. 4).

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention without an individualized bond hearing violates the INA.[3] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

---

[2] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[3] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2.  The Clerk is **DIRECTED** to enter judgment granting the petition,

terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on July 2, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

4